# In the United States District Court for the Southern District of Georgia Waycross Division

```
DYLAN CHASE MOBLEY, et al.,

    Petitioners,
                                        No. 5:19—CV-116
    v.

U.S. GOVERNMENT et al.,

    Respondents.
```

### ORDER

This matter is before the Court on Respondents' Motion to Dismiss the Petition for Writ of Mandamus (the "Petition") filed by Petitioners Dylan Chase Mobley and Elijah Thomas (collectively "Petitioners"), proceeding *pro se*. Dkt. No. 9. The motion has been fully briefed and is ripe for review. For the reasons that follow, Defendants' Motion to Dismiss will be **GRANTED** and Petitioners' Writ of Mandamus will be **DISMISSED without prejudice**.

In their Petition, Petitioners offer a detailed account of a series of filings and notices they submitted to the United States Department of the Treasury (the "Department") from August 2017 to July 2019. Dkt. No. 1 ¶¶ 1-29. Among those filings were several requests under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by which Petitioners asked for various "certificate[s] of assessments" and other tax-related information

spanning the four years from 2014 to 2018. Id. ¶¶ 7-18. Petitioners contend that the Department offered either inadequate or incomplete responses to their FOIA request and failed to adequately respond to their various other notices and requests. They sought the following relief:

1. An order directing respondents to pass/rule upon petitioners' petitions styled:
   a. Written request for verified determination of status for individual income purposes, prior to filing tax return pursuant to public law (11-23), and
   b. Affidavit in support of claims Notice of Appeal (Directing [sic] respondents to release petitioner[s] from Federal Tax Lien and tax penalties therein due to procedural error, inter alia), and
   c. 1040/1040x form for refund due to overpayment of taxes for the years 2014 – 2018, or in the alternative this court pass upon the instant claim and direct respondents to issue refund where the evidence is clear and unrefuted that he [sic] was not required to pay an un-apportioned direct tax and their [sic] exist [sic] an overpayment of taxes on the record before the court in their case [,and]
   d. Collection Due Process Hearing Request [,and]
   e. Affidavit in support of withdrawal of tax lien.
2. An order directing respondent[s] to provide petitioners with a copy of the original-non exempt[sic]-document(s) requested under the freedom of information act . . ., as set forth therein F.O.I.A.[sic] request styled:
   a. 1st, 2nd, 3rd, 4th, and 5th request for documents under F.O.I.A. . . . . [,and]
3. [An] [o]rder granting petitioner[s] prevailing party fees on all claims which he's [sic] a prevailing party, and request that this honorable court direct respondents to pay petitioner[s] all cost associated bringing the instant action.
4. And, that this court grant any further relief that it deems just and proper.

Dkt. No. 1 at 11-12.

In their Motion to Dismiss, Respondents expressed some confusion as to the legal basis for Petitioners' claims. Ultimately, Respondents' sought to dismiss the Petition under Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. They alleged, under Rule 12(b)(5), that Petitioners had failed to effectuate adequate service on any of Respondents. They alleged under Rule 12(b)(1) that the Court lacked subject matter jurisdiction over Petitioners claims because the relief they sought was barred by the Anti-Injunction Act and the Declaratory Judgment Act. Finally, they alleged that the Petition should be dismissed under Rule 12(b)(6) for failure to state a claim, noting particularly that the Petition fails to offer "a short and plain statement" of the grounds for jurisdiction and the claims entitling them to relief under Rule 8.

Subsequently, Petitioners filed—albeit untimely—a brief opposing Respondents' motion by which they, inter alia, sought to clarify the basis for their claims. Specifically, Petitioners stated that they did not seek the following relief:

> [P]ayment of federal income taxes, a determination of their tax status, an affidavit for a notice of appeal; refund of taxes for the years 2014-2018, a collection due process hearing, an affidavit to support withdrawal of tax liens, [and a] copy of original [sic] non-exempt document as per their FOIA request.

Dkt. No. 11 at 5. Instead, Petitioners alleged that they sought:

> "[M]andamus relief of this court to compel public officials to perform their non-discretionary duties,

3

> [sic] and pass upon petitioners petition's [sic] and provide documents requested under FOIA that are non-exempt and that this court grand [sic] prevailing party fees on all claims in which petitioner[s] prevailed.

Id. In reply, Respondents argue that Petitioners' opposition brief had "clarified that [Petitioners] are seeking mandamus relief solely on the issue of their FOIA request" and that a Writ of Mandamus does not provide an adequate remedy based on the claims alleged in the Petition. See Dkt. No. 15 at 1-2. The Court agrees.

Though the Petition is exceedingly vague about what causes of action Petitioners claims are meant to attach, the Court is guided by Petitioners' own interpretation as found in their latest filings which clarify that Petitioners seek a Writ of Mandamus requiring Respondents to submit adequate responses to their FOIA requests. However, the relief they seek is not available via a Writ of Mandamus because other remedies are available to Petitioners. The Eleventh Circuit has held that "[m]andamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'" Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (quoting Jones v. Alexander, 690 F.2d 778, 781 (5th Cir. 1980)). In this case, FOIA itself offers a remedy to Petitioners' alleged injury. In pertinent part, FOIA provides:

> On complaint, the district court of the United States in the district in which the complainant resides, or has

4

>   his principal place of business, or in which the agency
>   records are situated, or in the District of Columbia,
>   has jurisdiction to enjoin the agency records improperly
>   withheld from the complaint.

5 U.S.C. § 522 (a)(4)(B). Because Petitioners can seek relief under FOIA, they have failed to show that "no other adequate remedy [is] available," Cash, 327 F.3d at 1258 (quotations omitted), and the Court therefore cannot issue relief via mandamus.

Furthermore, to the extent that Petitioners request additional relief, such as having the Court "compel public officials to perform their non-discretionary duties" or to "pass upon" their Petition, dkt. no. 11 at 5, the Court finds that such requests fail to offer "a short and plain statement" showing that Petitioners are entitled to relief under Rule 8 of the Federal Rules of Civil Procedure. Indeed, because Petitioners expressly stated that they are not asking for certain relief, such as a "determination of their tax status" or "an affidavit for a notice of appeal," it is not clear what "non-discretionary duties" they are asking the Court to compel, nor is it clear what is meant by a request to "pass upon" the Petition. Id. Accordingly, the Court finds these claims also merit dismissal.

For these reasons, the Court **GRANTS** Respondents' Motion to Dismiss, dkt. no. 9, and **DISMISSES without prejudice** the Petitioner's Petition.  The Clerk is **DIRECTED** to close this case.

5

**SO ORDERED**, this 30th day of April, 2020.

_/s/ Lisa Godbey Wood_
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA