

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 3:14 pm, Jan 14, 2021

# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| DYLAN CHASE MOBLEY and ELIJAH THOMAS,  Plaintiffs,  v.  UNITED STATES GOVERNMENT,  Defendant. | 5:19-cv-116 |

### ORDER

Before the Court is the Motion to Dismiss Plaintiffs' Amended Complaint, dkt. no. 34, filed by Defendant, the United States Government (the "Government"). For the reasons stated below, the Government's Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

### BACKGROUND[1]

This case arises from a series of interactions between pro se Plaintiffs Dylan Chase Mobley and Elijah Thomas (collectively, "Plaintiffs")[2] and the Internal Revenue Service (the "IRS").

---

[1] For the purposes of ruling on Defendant's Motions to Dismiss, the Court takes Plaintiffs' version of the facts as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007) ("[W]hen ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true.").

[2] Plaintiffs state in their Amended Complaint that "[t]he plaintiff(s) herein and hereafter shall refer to Elijah Thomas & Chase Mobley jointly unless otherwise expressly stated herein." Dkt. No. 29 at 3. The Court will therefore

Plaintiffs seem to believe they are not subject to federal income tax because "income tax [i]s an excise tax," they "are not engaged in any state or federal regulated activity," and they "are not employees, officers, or elected officials of the United States." Dkt. No. 29 at 4. Accordingly, in August 2017, Plaintiffs sent a "written request for verified determination of status for individual income" to the Department of Treasury (the "DOT"). Id. Neither the IRS nor the DOT responded to Plaintiffs' letter. Id. at 5. Plaintiffs thereafter filed a "zero return" with the IRS for the 2017-2018 tax period. Id. at 8. Plaintiffs allege that "the IRS/DOT agreed with [Plaintiff Thomas] that he owe[d] nothing on his return [in 2017]," even though Plaintiff Thomas earned over $40,000 that year. Id.

In May 2018, Plaintiffs requested copies of their "certificate of assessment forms for the years 2014-2018 from the IRS/DOT." Id. In June 2018, the IRS/DOT responded to this request by mailing Plaintiffs "copies of their certificate of assessment and payment forms for the years 2014-2018 that were unsigned and undated by the assessment officer." Id. Plaintiffs further allege that they never received a "Notice of Deficiency" indicating a deficiency in Plaintiffs' tax assessments for the years 2014 to 2018. Id. at 6. In a later correspondence with Plaintiff Thomas,

---

not attempt to determine which allegations relate to which individual Plaintiff for the purposes of this Motion to Dismiss.

the DOT stated: "I find no Notice of Deficiency pertaining to" Plaintiff Thomas.  Id. at 7.

In February 2019, Plaintiffs filed a tax refund request with the Secretary of Treasury, the IRS District Director, and the IRS Commissioner.  Id. at 8.  Plaintiffs requested a refund "due to over payment of taxes" for the years 2014 to 2018.  Id. at 8.  Plaintiffs allege that "[t]he commissioner/Secretary of Treasury denied plaintiffs a right to a refund," but they do not allege any further facts regarding this refund request.  Id.

In or around March 2019,[3] the IRS filed a "notice of levy on wages, salary and other income" with Plaintiff Thomas's employer. Id. at 9.  Between April and July 2019, the IRS and/or DOT levied over $7,500 from Plaintiff Thomas's earnings.  Id.  Additionally, on April 22, 2019, the DOT filed a tax lien against Plaintiffs in the Superior Court of Coffee County, Georgia.  Id. at 7. Plaintiffs allege that they "filed an appeal and affidavit in support of release of [this] tax lien with DOT/Secretary of Treasury, [an "ACS W&I" employee,] and District Directory [sic]." Id. at 2, 7.  Plaintiffs also state that in May 2019, they filed a "Collection Due Process hearing request," to which they attached

---

[3] Plaintiffs' Amended Complaint actually says this occurred in "March 2020," but also that "[b]etween April and July 2019, the IRS/DOT levied plaintiffs Thomas [sic] earnings," so it seems that either "2020" or "2019" is a typo. Because Plaintiffs first filed this suit in December 2019, the Court will assume that Plaintiffs intended to say "March 2019" here.

3

a copy of their August 2017 letter to the IRS, an "[a]ffidavit in support of withdrawal of tax lien," a copy of the tax lien, and "Collection due process hearing request form CP231A."  Id.  The DOT denied Plaintiffs' hearing request and their "appeal."[4]  Id. at 8.[5]  Plaintiffs also allege that between April 2017 and July 2020, "the IRS/DOT . . . imposed penalties in excess of $25,000 upon plaintiffs."  Id. at 10.

Plaintiffs then filed their original complaint in this case on December 16, 2019.  Dkt. No. 1 (the "Petition").  Plaintiffs' suit was initially styled as a "Petition for Writ of Mandamus," which named as defendants the Government, the DOT, the IRS, the IRS Commissioner, and the IRS District Director.  Id.  The Government moved to dismiss the Petition on March 3, 2020.  Dkt. No. 9.  The Court granted that motion on April 30, 2020, dismissing Plaintiffs' Petition without prejudice.  Dkt. No. 18.  Plaintiffs then filed a motion to amend/correct petition, dkt. no. 19, and a motion to alter or amend the dismissal order, dkt. no. 21.  On July 21, 2020, the Court orally granted Plaintiffs' motion to amend and denied Plaintiffs' motion to alter or amend the dismissal order as moot.  Dkt. No. 28.  An amended Petition for Writ of Mandamus, dkt. no. 27, was filed that same day.  Later, on August 4, 2020,

---

[4] Plaintiffs do not specify to which appeal they refer here.

[5] It is unclear whether this "Collection due process hearing request" and the aforementioned "appeal and affidavit" were one and the same request.

4

Plaintiffs filed an Amended Complaint, dkt. no. 29.  The Government moved for clarification as to which pleading was operative, dkt. no. 30, and Plaintiffs responded by averring "the most recent amended complaint (see dkt 29) superseded the former amended complaint (see dkt 27)."  Dkt. No. 33 at 1.

In Plaintiffs' Amended Complaint, the Government is the only named defendant.  Dkt. No. 29 at 1.  Plaintiffs allege that the Government has violated their rights in a host of ways, including:

- "the collection of unlawful debt,"
- "fail[ing] to release federal tax lien when [the Department of Treasury] learned there was no valid assessment or notice of deficiency,"
- "fail[ing] to give plaintiffs a refund for overpayment," and
- "fail[ing] to remove the Notice of Levy after [the IRS employees] knew it was based upon a void assessment and no notice of deficiency."

Dkt. No. 29 at 9-11.  Plaintiffs assert that the Court has jurisdiction over this case "[f]or recovery of IRS erroneous assessed and collected tax" pursuant to 28 U.S.C. § 1346, "claims of failure to release lien" pursuant to 26 U.S.C. §§ 7432(a) and (b)(1), "unauthorized collection of taxes and for intentional disregard of regulations" pursuant to 26 U.S.C. §§ 7433(a) and (b), "refunds" pursuant to 26 U.S.C. § 7422, and "RICO Acts" under 18 U.S.C. § 1964.  Id. at 1-2.  Plaintiffs also state that "[a]ll claims herein have been fully exhausted."  Id. at 11, 12.

5

The Government filed the present Motion to Dismiss Plaintiffs' Amended Complaint on September 3, 2020. Dkt. No. 34. The Government contends that Plaintiffs' Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for failure to plead facts showing that the United States has waived its sovereign immunity and under 12(b)(6) for failure to plead facts showing an injury for which Plaintiffs are owed damages. Id. at 1. Plaintiffs responded in opposition to the Government's Motion to Dismiss, attaching a number of exhibits to support their contentions. Dkt. No. 35.[6] The Government filed a reply to Plaintiffs' response, dkt. no. 38, and Plaintiffs subsequently filed a "Good Faith Notice," informing the Government "that it has not filed response to plaintiffs affidavit affirming denying or affirming [sic] each claim therein," and that if the Government "does not file response to said affidavit the court will be required to accept all statements or claims made therein as true." Dkt. No. 42. When asked at a hearing on the Motion what Plaintiffs' authority was for this assertion in the "Good Faith Notice," Plaintiffs replied: "the Uniform Commercial Code." See Dkt. No. 47.

---

[6] Because these documents were not attached as exhibits to the Amended Complaint, the Court will not consider them in deciding upon this Motion to Dismiss. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984) ("[T]he court converts a motion to dismiss into a motion for summary judgment by considering matters beyond the complaint.").

**LEGAL STANDARD**

Federal courts have limited jurisdiction. Ishler v. Internal Revenue, 237 F. App'x 394, 395 (11th Cir. 2007) (citing Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. Id. Under Federal Rule of Civil Procedure 12(b)(1), there are two types of motions to dismiss for lack of subject matter jurisdiction—facial attacks and factual attacks. Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003) (citing Lawrence v. Dubar, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction based on allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." Id. "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings." Id. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." Id. In considering a factual attack:

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims.

Lawrence, 919 F.2d at 1529 (citing Williamson v. Tucker, 645 F.2d 404, 412-413 (5th Cir. 1981)).

Further, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

556 U.S. at 678. The court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Lastly, the Court notes that exhibits attached to pleadings become part of a pleading. Fed. R. Civ. P. 10(c). Consequently, a court may consider documents attached to a complaint as exhibits in resolving a motion to dismiss without converting the motion to one for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).

## DISCUSSION

Liberally construing Plaintiffs' pro se Amended Complaint and looking to Plaintiffs' response to the Government's Motion to Dismiss for guidance, the following seem to be Plaintiffs' claims against the Government: (1) denial of a tax refund; (2) denial of the right to challenge their status as taxpayers; (3) denial of a signed and dated tax assessment; (4) denial of a notice of deficiency; (5) improper lien; (6) wrongful levy; (7) denial of a collection due process hearing; and (8) violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). See Dkt. No. 35 ¶¶ 10–29; Dkt. No. 29.

The Court notes that "[t]he United States, as a sovereign entity, is immune from suit unless it consents to be sued." Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1188 (11th Cir. 2011) (citing United States v. Dalm, 494 U.S. 596,

608 (1990)). Courts must construe the terms of statutes waiving immunity strictly, and they "may only entertain suits that are in full accord with such statutes." Id. If the Government has not waived its sovereign immunity as to one of Plaintiffs' claims, then the Court must dismiss that claim for lack of jurisdiction. If the government has, in fact, waived its sovereign immunity, then Plaintiffs' allegations must still state a claim upon which relief can be granted for the purposes of Rule 12(b)(6).

### 1. Denial of a tax refund

Plaintiffs claim to have been erroneously denied a refund for overpayment of taxes, which is, at its base, a cognizable claim against the Government under 28 U.S.C. § 1346. However, Plaintiffs must "comply with two jurisdictional prerequisites" before proceeding with a suit under 28 U.S.C. § 1346 for recovery of "erroneously or illegally assessed or collected" taxes. Lawrence v. United States, 597 F. App'x 599, 602 (11th Cir. 2015). These two prerequisites include the "full-payment" rule and administrative exhaustion. Id. The former requirement means that "refund suits c[an] only be maintained upon full payment of the tax alleged to be due." Flora v. United States, 357 U.S. 63, 72-73 (1958), aff'd on reh'g, 362 U.S. 145 (1960). Plaintiffs do not allege in their Amended Complaint that they paid the assessed taxes about which they complain. See Dkt. No. 29. Because Plaintiffs have not alleged full payment of the taxes for which they seek

recovery, the Court need not examine the administrative exhaustion prerequisite for their refund claim. The Court lacks subject matter jurisdiction over Plaintiffs' refund claim, and the claim must therefore be **DISMISSED**.

### 2. Denial of the right to challenge their status as taxpayers

Plaintiffs claim that the IRS and/or the DOT denied Plaintiffs "the right to challenge the IRS position [as to their status as taxpayers] and be heard, and to receive response if the IRS does not agree with their position." Id. at 5. However, Plaintiffs' avenue for relief in challenging their status as taxpayers is through a claim for refund, and the Court cannot divine a cause of action based on this alleged denial of an opportunity to contest their income tax status. Plaintiffs do not state a claim upon which relief can be granted in this respect. Thus, the Government's motion to dismiss is **GRANTED** as to this claim.

### 3. Denial of a signed and dated tax assessment

Plaintiffs take issue with the fact that the requested copies of their certificates of assessment "were unsigned and undated." Dkt. No. 29 at 5–6. It is true that the IRS's regulations provide an "assessment shall be made by an assessment officer signing the summary record of assessment." 26 C.F.R. § 301.6203-1. But the regulations also provide that "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the

11

pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." Id.  Contrary to Plaintiffs' assertions, there is no statutory or legal right to *receive* a signed and dated copy of an assessment.  See Simpson v. United States, No. 90-30021-RV, 1991 WL 253014, at *3 (N.D. Fla. Oct. 9, 1991) ("The requirement by the regulation that the government provide the 'pertinent parts of the assessment' is satisfied by providing any part of the records of the government that supplies the 'pertinent information' that both regulation and statute require.").  To the extent Plaintiffs argue the collection actions taken against them are invalid for want of a valid assessment, those arguments are addressed below.  However, because Plaintiffs admittedly received the pertinent parts of the assessment, the allegation that their copy was not signed and dated fails to state a claim upon which relief can be granted.  Thus, the Government's motion to dismiss is **GRANTED** as to this claim.

### 4. Denial of a notice of deficiency

Plaintiffs also contend that the IRS and/or DOT denied Plaintiffs "the right to a statutory notice of deficiency signed and dated by issuance officer for the years 2014-2018, and served by registered or certified mail." Dkt. No. 29 at 6.  The Internal Revenue Code provides: "If the Secretary determines that there is a deficiency in respect of any tax . . . he is authorized to send

12

notice of such deficiency to the taxpayer by certified mail or registered mail." 26 U.S.C. § 6212(a). Based on the plain language of that statute, while the Secretary of Treasury is *authorized* to send a notice of deficiency to a taxpayer, she is not *required* to do so. To the extent Plaintiffs contend they were entitled to a notice of deficiency prior to the imposition of a lien or levy, that contention is addressed below within Plaintiffs' failure to release lien and wrongful levy claims. As to a standalone right to receive a notice of deficiency, however, Plaintiffs fail to state a claim upon which relief can be granted. Thus, the Government's motion to dismiss is **GRANTED** as to this claim.

**5. Improper lien**

Plaintiffs claim that the DOT and/or Secretary of Treasury denied Plaintiffs "the right to be released from tax lien when it became legally unenforceable through and [sic] invalid assessment or no notice of Deficiency." Dkt. No. 29 at 8. Two related claims are alleged here: failure to release a lien and an improper collection action. Each will be addressed in turn.

First, failure to release a lien is itself a cognizable claim; 26 U.S.C. § 7432 that a taxpayer "may bring a civil action for damages against the United States" for the IRS's knowing or negligent "fail[ure] to release a lien under section 6325." See id. § 7432(a). This statute explicitly waives the Government's

13

sovereign immunity by providing for "damages against the United States." Id. Section 6325, in turn, provides that the Secretary of Treasury shall release any lien that "has been fully satisfied or has become legally unenforceable." Id. § 6325(a)(1). Plaintiffs' allegations go to the latter issue; they assert that the unsigned and undated assessment and lack of notice of deficiency made the lien legally unenforceable. Dkt. No. 29 at 8.

As a threshold matter, section 7432 requires administrative exhaustion of the claim prior to suit. See 26 U.S.C. § 7432(d)(1). To exhaust an administrative claim under section 7432, a plaintiff "must include, *inter alia,* (1) the taxpayer's identifying information; (2) a copy of the notice of lien affecting the property; (3) grounds for the claim, in reasonable detail, along with available substantiating documentation; (4) a description of injuries with available substantiating documentation; and (5) the amount of the claim." Galvez v. I.R.S., 448 F. App'x 880, 885–86 (11th Cir. 2011) (citing Treas. Reg. § 7432-1(f)(2)). Further, the "claim must be sent to the IRS district director." Id. The Government argues that Plaintiffs failed to allege exhaustion of administrative remedies for this claim. Dkt. No. 34 at 10. However, Plaintiffs make several specific allegations regarding exhaustion of their improper lien claim. Plaintiffs allege in their Amended Complaint that they "filed an appeal and affidavit in support of release of tax lien with DOT/Secretary of Treasury

14

. . . and District Directory [sic]." Dkt. No. 29 at 7. Plaintiffs also allege that in May 2019, they "filed a 'Collection Due Process hearing request,'" to which they attached a "Letter of determination,"[7] an "Affidavit in support of withdrawal of tax lien," a copy of the tax lien, and the "Collection due process hearing request form CP231A." Id. Plaintiffs allege that the IRS denied their appeal and their collection due process hearing request. Id. at 7-8. These allegations, if true, would discharge Plaintiffs' exhaustion requirements under section 7432(d).

The Government next argues that "Plaintiffs have not pled sufficient facts showing that the Service has negligently failed to release the liens." Dkt. No. 34 at 10. However, Plaintiffs allege procedural irregularities that, if true, may have rendered the lien unenforceable.[8] The Internal Revenue Code provides that "as soon as practicable, and within 60 days after the making of an assessment, the IRS *must* give [a taxpayer] notice of the assessment and demand payment. If the taxpayer fails to pay after demand, a federal tax lien arises in favor of the United States pursuant

---

[7] By "Letter of determination," Plaintiffs refer to their August 2017 letter to the DOT in which they requested a determination of their liability for income tax. See id. at 4.

[8] One procedural irregularity Plaintiffs' propound, i.e., that the lien was improper due to a "void assessment," is unsupported. Plaintiffs have alleged no facts that would show the tax assessment against them was void. The only reason the assessment was void, Plaintiffs argue, is that the copy given to them was unsigned and undated. Dkt. No. 29 at 6. As explained above, this fact does not support a claim that the assessment *itself* was void.

15

to 26 U.S.C. § 6321." Bassett v. United States, 782 F. Supp. 113, 115 (M.D. Ga. 1992) (emphasis added) (citing 26 U.S.C. § 6303(a)). The failure to first issue a notice of deficiency or a notice of demand for payment would render a subsequent lien invalid. See In re Bertelt, 206 B.R. 587, 593 (Bankr. M.D. Fla. 1996) ("Whether or not the IRS issued a Notice and Demand for payment does not affect a taxpayer's liability for a tax obligation. Although *such a failure may affect the enforceability of an administrative lien, and is essential in administrative collection actions*, the taxpayer remains liable for the amount assessed." (emphasis added)); United States v. Navolio, 334 F. App'x 204, 208 (11th Cir. 2009) ("The mailing of a valid notice of deficiency is a statutory prerequisite to a tax assessment and collection by the IRS."); Brewer v. United States, 764 F. Supp. 309, 315 (S.D.N.Y. 1991) ("In order to place a lien against property, the IRS must make a valid assessment of taxes pursuant to 26 U.S.C. § 6203. After this assessment is made, the IRS must send a § 6212 'Notice of Deficiency' to the taxpayer. Then the IRS must provide a 'Notice and Demand for payment' of the assessed tax as required by § 6303(a). *Only after full compliance with these procedures, may the IRS take a lien on the delinquent taxpayer's property*." (emphasis added)). Because Plaintiffs allege that they never received a notice of deficiency, they state a plausible claim that the IRS was negligent in failing to release the lien against them.

Second, 26 U.S.C. § 7433 allows taxpayers to claim civil damages from the United States for reckless, intentional, or negligent collection actions—such as the improper filing of a notice of lien. See Sande v. United States, 323 F. App'x 812, 815 (11th Cir. 2009) "[T]he act of filing a Notice of Federal Tax Lien is in connection with tax collection . . . ."). For exhaustion purposes, section 7433 requires "the same information [as a claim under section 7432], less a copy of the notice of the lien." Galvez, 448 F. App'x at 886 (citing Treas. Reg. § 7433-1(e)(2)). For the same reasons Plaintiffs sufficiently allege exhaustion as to a section 7432 claim, Plaintiffs also sufficiently allege exhaustion as to a section 7433 claim for an improper tax lien. See Dkt. No. 29 at 7.

Plaintiffs' allegations that "the IRS failed to follow the proper procedures in either the IRC or IRS regulations for filing a lien notice" by failing to issue a notice of deficiency also constitute a plausible action under section 7433. Cf. Sande, 323 F. App'x at 815 (rejecting plaintiffs' section 7433 claim because "Plaintiffs did *not* allege that the IRS failed to follow the proper procedures in either the IRC or IRS regulations for filing a lien notice" (emphasis added)); United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989) ("[T]he provisions of the Code authorizing administrative collections expressly indicate that the giving of notice and demand for payment of an assessment is a prerequisite

17

to such collection methods." (citing 26 U.S.C. § 6321)). Plaintiffs' allegations, taken as true, establish claims for failure to release lien and improper collection action that are plausible on their face. The Government's Motion to Dismiss as to these two claims must be **DENIED**.

### 6. Wrongful levy

Plaintiffs assert that the IRS "acted recklessly or by reason of negligence failed to remove the Notice of Levy after they knew it was based upon a void assessment and no notice of deficiency." Dkt. No. 29 at 11. A wrongful levy action, as a collection action, is also cognizable under 26 U.S.C. § 7433. However, Plaintiffs do not allege exhaustion of their administrative remedies for wrongful levy. See 27 U.S.C. § 7433(d)(1). Plaintiffs make no assertion that they appealed the levy; they simply argue the levy was unlawful. See Dkt. No. 29 at 9-10. Because Plaintiffs do not allege exhaustion as to their wrongful levy claim, the claim must be dismissed. Thus, the Government's motion to dismiss is **GRANTED** as to this claim.

### 7. Denial of a collection due process hearing

To the extent Plaintiffs attempt to assert a claim based on denial of their request for a collection due process hearing, this claim also fails. While 26 U.S.C. § 6330 gives taxpayers the right to a hearing before a levy is imposed, it explicitly places jurisdiction for appeals of the denial or outcome of a hearing in

18

the United States Tax Courts. Id. § 6330(d); see also Peterson v. Kreidich, 139 F. App'x 134 (11th Cir. 2005) ("[A] due process violation in the determination of income taxes . . . does not confer subject matter jurisdiction on the district court if the underlying claim involves income tax issues."). Because the Court does not have jurisdiction over Plaintiffs' claim that they were denied a collection due process hearing, this claim must be dismissed. Thus, the Government's motion to dismiss is **GRANTED** as to this claim.

8. **Violation of RICO**

Plaintiffs argue that the Court has subject matter jurisdiction over this case pursuant to "RICO Acts (18 USC 1964)." Dkt. No. 29 at 3. While RICO does provide civil remedies to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter," a RICO claim may not be maintained against the federal government. See 18 U.S.C. §§ 1964(c), 1962(c); O'Brien v. United States, 18 F. Supp. 2d 1356, 1360 (N.D. Ga. 1998) ("[T]he United States has not waived its sovereign immunity from RICO." (citing Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991))). The Court lacks jurisdiction over Plaintiffs' RICO claim, so it must be dismissed. Thus, the Government's motion to dismiss is **GRANTED** as to this claim.

19

## CONCLUSION

The Government's Motion to Dismiss, dkt. no. 34, is **GRANTED** as to Plaintiffs' claims of denial of a tax refund, denial of the right to challenge their status as taxpayers, denial of a signed and dated tax assessment, denial of a notice of deficiency, wrongful levy, denial of a collection due process hearing, and violation of RICO.  However, the Government's Motion is **DENIED** as to Plaintiffs' improper lien claims under 26 U.S.C. §§ 7432 and 7433.

**SO ORDERED**, this 14th day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA